## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA KENNEDY, *et al.*,      )
                                 )
       *Plaintiffs*,        )
                                 )
     v.                 )       Civil Action No. 26-1468  (UNA)
                                 )
RIVERS LAWTON McINTOSH, *et al.*,   )
                                 )
       *Defendants*.      )

## <u>MEMORANDUM OPINION</u>

This matter is before the court on consideration of Plaintiffs' applications to proceed *in forma pauperis* (ECF Nos. 2-3), and *pro se* Complaint (ECF No. 1).  The court GRANTS the application, GRANTS Plaintiffs leave to use a Post Office Box as their mailing address, DISMISSES the complaint and this civil action without prejudice, and DENIES Plaintiffs' pending motions for accommodations and for CM/ECF password (ECF No. 4, 7) without prejudice as moot.

Plaintiffs filed a civil suit in the Anderson County Court of Common Pleas, Tenth Judicial Circuit of South Carolina, on March 17, 2022, *see* Compl. ¶¶ 50, 96, arising from defendants' alleged "systematic campaign of terror against" them," *id*. ¶ 51.  Plaintiffs have alleged all manner of misconduct, conspiracy and corruption on the part of presiding judges, their former retained counsel, opposing counsel, and court staff, among others, culminating in the dismissal of their lawsuit and appeal.  *See generally id*.  Their goal is an Order by this court declaring "that all proceedings in the [South Carolina] Case [and] Appeal . . . , and all related state court proceedings . . . void ab initio," *id*. at 114; *see id*. at 116, 118, entering "judgment in Plaintiffs' favor," *id*. at 114, and enjoining "any South Carolina court for enforcing, executing upon, or

1

taking any action based on any order or judgment entered in Plaintiff's [South Carolina] case or appeal," *id*. at 118. This the court cannot do.

"[U]nder what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). In other words, this court has no jurisdiction to review or overturn the South Carolina courts' rulings. *See, e.g.*, *Hankins v. North Carolina*, No. 21-5156, 2021 WL 4765428, at *1 (D.C. Cir. Oct. 7, 2021) (per curiam) (finding that "district court correctly concluded that it lacked jurisdiction over appellant's claims, which sought review of adverse decisions of the North Carolina state courts"); *Prentice v. U.S. Dist. Ct. for E. Dist. of Michigan, S. Div.*, 307 F. App'x 460, 460 (D.C. Cir. 2008) (per curiam) ("[B]ecause a challenge to a state court action must proceed through that state's system of appellate review rather than through a federal district court . . . , the district court properly determined it lacked jurisdiction to review action taken by a Michigan state court."); *Barnes-Duncan v. Liebner & Potkin, LLC*, No. 17-cv-2818 (ABJ), 2018 WL 6200975, at *2 (D.D.C. Nov. 28, 2018) (concluding that this federal district court "lacks subject matter jurisdiction over plaintiff's claims because at bottom, the complaint ultimately seeks to overturn a decision rendered by the Maryland state courts").

The court lacks subject matter jurisdiction, and the complaint and this civil action must be dismissed. An Order is issued separately.

/s/
TANYA S. CHUTKAN
United States District Judge

DATE: June 29, 2026

2